**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FERMIN FLORES-MENDEZ, | No. 06-73170 |
| Petitioner, | Agency No. A071-595-673 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Fermin Flores-Mendez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo questions of law and due process challenges. *Kohli v. Gonzales*, 473 F.3d 1061, 1065 (9th Cir. 2007).  We deny in part and dismiss in part the petition for review.

Flores-Mendez contends that his Notice to Appear ("NTA") was defective because the issuing officer did not check the box indicating that he provided Flores-Mendez with a list of free legal services organizations.  The BIA properly rejected the argument.  *See Kohli*, 473 F.3d at 1068-70 (holding that a defective NTA did not violate due process where no prejudice was shown).

We lack jurisdiction to consider Flores-Mendez's challenges to the IJ's physical presence and good moral character determinations because he did not raise these claims in his brief before the BIA.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (when a petitioner files a brief before the BIA, the petitioner will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA") (internal citations omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**